IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JAMES ROBERT CHRISTIE, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 10-1187-CV-W-ODS |
| ) | Crim. No. 09-00062-01-CR-W-ODS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER AND OPINION (1) DENYING MOTION FOR POSTCONVICTION RELIEF PURSUANT TO 28 U.S.C. § 2255 AND (2) DENYING CERTIFICATE OF APPEALABILITY

Pending is Movant's Motion for Postconviction Relief Pursuant to 28 U.S.C. § 2255. The motion is denied, and the Court declines to issue a Certificate of Appealability.

Movant pleaded guilty to conspiring to distribute fifty grams or more of methamphetamine and money laundering, and was sentenced to a total of 151 months of imprisonment. He did not appeal his conviction or sentence, and his postconviction motion was timely filed.

## I. The Merits

The motion is a rambling, repetitive essay alleging the Court lacked jurisdiction in this matter. Essentially, Movant contends the offenses alleged occurred in Missouri, and thus were outside the federal government's jurisdiction. All of his allegations stem from this premise, including his claims of ineffective assistance of counsel (whom he faults for failing to advise him about the Court's alleged lack of jurisdiction). As the Government points out, there are some statutes criminalizing conduct within the United States' territorial jurisdiction – but the statutes criminalizing Movant's conduct are not among them. 18 U.S.C. § 841(a). To the extent Movant suggests Congress cannot

criminalize intrastate narcotics activity, the argument has been rejected. E.g., United States v. Patterson, 140 F.3d 767, 772 (8th Cir.), cert. denied, 525 U.S. 907 (1998). In short, the critical premise to Movant's argument – that the Court lacked jurisdiction – is incorrect and frivolous.

Accordingly, Movant's claims regarding the Court's lack of jurisdiction and alleged defects in the Indictment fail. In addition, Movant's claims premised on his attorney's failure to advise him of this supposed lack of jurisdiction are rejected, because Movant suffered no prejudice from this failure. See Nave v. Delo, 62 F.3d 1024, 1035 (8th Cir. 1995), cert. denied, 517 U.S. 1214 (1996) (discussing prejudice prong under Strickland v. Washington, 466 U.S. 668 (1984)).[1]

## II. Certificate of Appealability

In order to appeal, Petitioner must first obtain a Certificate of Appealability. 28 U.S.C. § 2253(c)(2) provides that a Certificate of Appealability should be granted "only if the applicant has made a substantial showing of the denial of a constitutional right." This requires Petitioner to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quotation omitted).

The Court has conducted an independent review of the matter and concludes that a Certificate of Appealability should not be granted. When a Certificate of Appealability is denied, the court is required to "state why such a certificate should not

---

[1]In his Reply Suggestions, Movant raised two issues he had not previously raised. Claims raised for the first time in party's reply are not considered. In any event, the claims lack merit. Movant's contention that he did not realize he was admitting guilt to the crimes is belied by the Plea Agreement and his statements during the Rule 11 hearing. His contention that the Indictment was defective for failing to mention a handgun would be rejected because he was not charged with a crime relating to a firearm. A two-level enhancement was added to his offense level because of the firearm, but this was a sentencing factor that did not need to be included in the Indictment. E.g., United States v. Bridges, 569 F.3d 374, 377 (8th Cir. 2009).

issue." Fed. R. App. P. 22(b). Further proceedings are not warranted because all of Movant's claims are predicated on an alleged lack of jurisdiction. However, his argument is frivolous: the statutes in question apply to conduct within the United States, including conduct that occurs within only one state.

### III. Conclusion

For these reasons, the motion for postconviction relief is denied, and the Court declines to issue a Certificate of Appealability.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: April 5, 2011                UNITED STATES DISTRICT COURT